UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

AARON J. BAILEY

versus

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION

CIVIL ACTION NO. 05-1012

JUDGE HICKS

**REFERRED TO:
MAGISTRATE JUDGE HORNSBY**

## MEMORANDUM RULING

**Introduction**

Aaron Bailey ("Plaintiff") applied for Supplemental Security Income payments based on problems with his right leg and foot caused by a shooting in 1989. Plaintiff, who was 44 years old when ALJ Thomas Bundy denied his claim, has a ninth grade education and no vocationally relevant past work experience.

The ALJ reviewed the claim under the five-step sequential analysis. He found that Plaintiff had not engaged in substantial gain activity (step one) and was status post gunshot wound with residual right foot drop, an impairment that is severe within the meaning of the regulations (step two) but not severe enough to meet or equal a listed impairment (step three). The ALJ then determined that Plaintiff had the residual functional capacity ("RFC") to perform the full range of sedentary work. Plaintiff had no past relevant work to consider (step four), so the burden then shifted to the agency to show that Plaintiff could perform the mental and physical demands of other jobs that are available in significant numbers. The

ALJ looked to Medical-Vocational Rule 201.24 which directs a finding of "not disabled" for a person with Plaintiff's vocational factors and who can perform the full range of sedentary work.

The Appeals Council denied a request for review. Plaintiff filed this civil action seeking judicial review pursuant to 42 U.S.C. § 405(g). Both parties filed written consent to have the case decided by a magistrate judge and, pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the action was referred to the undersigned for decision and the entry of final judgment.

**Issues on Appeal**

Plaintiff lists four errors on appeal. The first three, which are related, contend that (1) the agency did not provide Plaintiff adequate notice of his right to an attorney, (2) the ALJ erred in proceeding with the hearing despite a lack of a knowing and intelligent waiver of the right to counsel, and (3) Plaintiff was prejudiced because he did not have an attorney. The final issue argues that (4) the ALJ erred in not obtaining input from a vocational expert ("VE") when there were non-exertional limitations.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Waiver of Representation**

Plaintiff admits that the agency sent him several written communications before his ALJ hearing that advised Plaintiff of his right to representation. The letters included information about the nature of assistance that a representative may offer, the fact that free or contingency fee representation may be available, and information about the limitations on fees that may be charged by representatives. Plaintiff was provided the standard leaflet "Your Right to Representation" that contains a simple, straightforward explanation of the potential benefits of representation and the rules regarding fees and fee approval. The leaflet is not in the record, but the current version of the leaflet is SSA Publication No. 05-10075, and it is available on the agency's website at www.ssa.gov/pubs/10075.html.

The ALJ began the hearing by asking Plaintiff if he understood a letter that had been sent to Plaintiff about his right to representation. Plaintiff unambiguously said that he did understand and that he would make his own presentation to the ALJ. Tr. 164. It would remove doubt and the potential for remand if an ALJ, especially when dealing with a claimant with limited education, would explain at the hearing the benefits of representation, the possibility of free or contingent fee representation, and the limits on fees that may be

charged by representatives. That was not done in this case, but Plaintiff has been shown to be able to read the English language, and he stated clearly at the hearing that he understood the written information. Accordingly, the agency provided Plaintiff with adequate notice of his right to representation, and Plaintiff knowingly and intelligently waived that right.

Assuming for the sake of argument that there was not sufficient notice and a valid waiver of the right to representation, Plaintiff would have to show prejudice to merit relief. That obligates him to point to "evidence that would have been adduced and that could have changed the result had [plaintiff] been represented by counsel" in the agency proceedings. Brock v. Chater, 84 F.3d 726, 729 n. 1 (5th Cir. 1996). Plaintiff argues that he was prejudiced because the ALJ gave no weight to Dr. Werner's indication (Tr. 151-52) that Plaintiff should avoid bending and stooping, and because the ALJ did not consider a report from the Northwest Louisiana Comprehensive Evaluation Center (Tr. 136-41) that indicated Plaintiff had poor reading and math abilities and called into question Plaintiff's ability to follow orders. Plaintiff has not explained how representation would have made the ALJ afford more weight to Dr. Werner's report or consider the evaluation evidence. He has not pointed to any evidence that was not presented at the hearing that (1) would have been presented if Plaintiff had been represented and (2) could have changed the result. Accordingly, Plaintiff has not established prejudice caused by any lack of proper notification of the right to representation or any failure to obtain a valid waiver of that right.

**Use of the Guidelines; Generally**

At the fifth step, determining whether Plaintiff is able to perform work that is available in the national economy, the Commissioner may meet his burden of proof by looking to the Medical Vocational Guidelines found at 20 C.F.R. §404, Sub-part P, Appendix 2. The Commissioner may rely <u>exclusively</u> on the Guidelines if (1) the claimant suffers only from exertional impairments or (2) the claimant's non-exertional impairments do not significantly affect his RFC. <u>Id</u>. § 404.1569; <u>Fraga v. Bowen</u>, 810 F.2d 1296, 1304 (5th Cir. 1987). If non-exertional impairments do significantly affect the plaintiff's RFC, the Commissioner may look to the Guidelines for <u>guidance</u> but must also look to expert vocational testimony or other similar evidence to meet his burden of proving that such jobs exist. <u>Fraga</u>, <u>supra</u>. Plaintiff argues that he suffers from non-exertional limitations that precluded the ALJ's exclusive reliance upon the Guidelines at step five.

**Evidence of Postural Limitation**

Plaintiff first points to a claimed lack of ability to stoop and bend. Dr. Werner stated that Plaintiff "should avoid stairs, kneeling, crawling, crouching, stooping, and balancing due to the significant weakness that he has in the right lower leg." Tr. 152. The ALJ did not include in his RFC any such non-exertional limitations. He apparently rejected a contention that Plaintiff had such limitations to the extent that they would preclude the full range of sedentary work when, at Tr. 15, he stated that Dr. Werner's opinion about Plaintiff's limited ability to stand and walk was not supported by the record or Plaintiff's testimony. The ALJ

pointed to Plaintiff's report that he performed temporary work as late as 2003 that involved manual labor, standing and walking up to eight hours, as well as climbing, stooping, kneeling, crouching and crawling. Plaintiff also reported lifting up to 50 pounds. See Tr. 120-21. The record contains substantial evidence to support the ALJ's rejection of postural limitations to the degree now claimed by Plaintiff.

Social Security Ruling 96-9p, which the ALJ cited at Tr. 15, states that postural limitations usually do not erode the occupational base for a full range of unskilled sedentary work significantly because those activities are not usually required in sedentary work. The Ruling also states that if a claimant has a complete inability to stoop, then he is likely disabled, but a restriction to occasional stooping would only minimally erode the unskilled occupational base of sedentary work. A VE is said to be useful for cases where the claimant is limited to less than occasional stooping. The ALJ, at least implicitly, did not find that Plaintiff was so restricted as to require a VE, a conclusion that is supported by a report from a state agency physician that Plaintiff can occasionally balance, stoop, etc. Tr. 155.

**Evidence of Mental Limitation**

Plaintiff next contends that he has a mental non-exertional limitation that required a VE at step five. There is no indication that Plaintiff suggested the mental limitation in his written submissions to the agency or in his testimony at the hearing, but the report from the Evaluation Center noted Plaintiff's poor academic test results and a learning ability in the fourth percentile. The report stated in two places that Plaintiff "will require repetitive oral

instructions" and that Plaintiff "will require a job coach to assist him with repetitive oral instructions in job tasks." Tr. 136-41.

Social Security Ruling 96-9p states that a substantial loss of ability to meet any one of several basic work-related activities on a sustained basis will substantially erode the unskilled sedentary occupational base and would justify a finding of disability. The mental activities listed include "understanding, remembering, and carrying out simple instructions." The Ruling goes on to explain that a less than substantial loss of ability may or may not significantly erode the occupational base, and it may be useful to consult a VE for a case specific assessment.

There is evidence, uncontested at this point, that Plaintiff has difficulty remembering and carrying out simple instructions. The ALJ did not address the evidence in his written decision. A lone reference in a record to a minor issue does not always require an ALJ to investigate and address a possible impairment, See Gentry v. Barnhart, 141 Fed. Appx. 316 (5th Cir. 2005), but an ALJ has a heightened duty to elicit all relevant facts when a claimant is proceeding without a representative. Brock, 84 F.3d at 728. The ALJ did not question plaintiff on this issue or seek additional evidence relevant to Plaintiff's ability to remember and carry out instructions.

Under these circumstances, the Commissioner's decision is not supported by substantial evidence. A reversal pursuant to the fourth sentence of Section 405(g) is required so that the agency may further consider and address the contention that Plaintiff has a non-

exertional mental impairment that precluded the use of the Guidelines at step five. A judgment will be entered in accordance with this ruling.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 5th day of July, 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE